UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BRYANT,<br><br>    Petitioner,<br><br>    v.<br><br>W. Z. JENKINS, Warden,[1]<br><br>    Respondent. | Case No. 20-cv-02524-YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL; FOR RESPONDENT TO SHOW CAUSE; AND DENYING PENDING MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE TO RAISING MOTION BEFORE SENTENCING COURT IN DISTRICT OF SOUTH CAROLINA** |

**I.  INTRODUCTION**

This action was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[2]  Petitioner, a federal prisoner incarcerated at the Federal Correctional Institution in Dublin, California, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. 1.  Thereafter, she filed an amended petition, which is the operative petition in this action.[3]  Dkt. 7.  Petitioner has filed a motion for leave to proceed *in forma pauperis*.  Dkt. 8.

Petitioner also requests the Court for compassionate release/sentence reduction based on the First Step Act of 2018 "along with the Covid-19, and the [Coronavirus Aid, Relief, and Economic Security Act ('The Cares Act')]."  Dkt. 5 at 1.  Petitioner adds that "[o]n March 27, 2020, Congress passed The Cares Act in response to the Covid-19 pandemic . . . [which lists the criteria required for] [t]ransferring of inmates to Home Confinement to decrease the risks of [the] Covid-19 pandemic . . . ."  *Id.* at 2.  Petitioner seeks compassionate release because her age (she is 48 years old) and her "health issues/conditions" increase her "vulnerability to Covid-19."  *Id.*

---

[1] W. Z. Jenkins, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

[3] As Petitioner is incarcerated within the Northern District of California and Claim 1 in her amended petition challenges the execution of her federal sentence, venue is proper in this district.  *See Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989).

## II. BACKGROUND

In April 2018, a federal grand jury in the District of South Carolina indicted Petitioner on six counts of intentionally conveying false and misleading information, in violation of 18 U.S.C. § 1038(a)(1)(A), alleging she made false bomb threats to an airport and a hotel. *United States v. Bryant*, Case No:4:18-cr-00437-RBH-1 (District of South Carolina), Dkt. 4. In October 2018, Petitioner pled guilty without a written plea agreement to the first three counts in the indictment. *See id.*, Dkts. 41, 43, 69. In February 2019, Petitioner was sentenced to twenty-four months in federal prison. *See id.*, Dkts. 55, 56, 70. Petitioner filed a direct appeal, and the Fourth Circuit Court of Appeals affirmed her convictions and sentence. *See id.*, Dkts. 63, 72; *see also United States v. Bryant*, 775 F. App'x 117 (4th Cir. 2019). The Fourth Circuit issued its mandate on September 13, 2019. *See United States v. Bryant*, Case No:4:18-cr-00437-RBH-1 (District of South Carolina), Dkt. 73.

On September 23, 2019, Petitioner filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255, in which she raised claims of ineffective assistance of counsel. *See id.*, Dkt. 74. On February 21, 2020, Petitioner's section 2255 motion was denied. *See id.*, Dkt. 94.

On March 11, 2020, Petitioner filed a motion in the Fourth Circuit seeking permission to file a second or successive section 2255 motion to challenge her sentence, in which she again raised claims of ineffective assistance of counsel. Dkt. 7 at 4. To date, Petitioner states that motion is still "pending." *Id.*

## III. DISCUSSION

In her amended petition, Petitioner raises the following claims challenging: (1) time credits during her pre-trial detention and requests "[c]redit for time out on bond under restriction issues by [the] Attorney General, DA's office, Federal Marshal and probation"; and (2) the validity of her sentence, in which she seeks to have her sentence reduced or vacated. Dkt. 7 at 6. In Claim 3, Petitioner raises the same allegations she brings forth in her request for compassionate release/sentence reduction, which will be addressed below.

The Court first considers Claim 2, which is Petitioner's challenge to the validity of her sentence. A prisoner in custody under sentence of a federal court who wishes to attack collaterally

2

the validity of her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the court that imposed the sentence. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  Only the sentencing court has jurisdiction to hear the section 2255 motion. *See id.* at 1163.  A prisoner generally may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via section 2255 motion); *Tripati*, 843 F.2d at 1162 (challenge to legality of conviction must be brought in sentencing court via section 2255 motion); *see also United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) (where challenge is to alleged errors at or prior to sentencing remedy is section 2255 motion, not section 2241 writ).

There is an exception to the general bar against using section 2241 to collaterally attack a conviction or sentence: a federal prisoner authorized to seek relief under section 2255 may seek relief under section 2241 if she can show that the remedy available under section 2255 is "inadequate or ineffective to test the legality of [his/her] detention." *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255).  Although there is little guidance from any court on when section 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. *See id.*  For example, the remedy under section 2255 generally will not be inadequate or ineffective due to a delay in considering a motion under section 2255, *see id.* at 299 (district court's delay in considering section 2255 motion until direct appeals are resolved does not make section 2255 motion inadequate or ineffective), or the mere fact that a previous section 2255 motion was denied, *see Aronson v. May*, __ U.S. __, 85 S. Ct. 3, 5 (1964); *Tripati*, 843 F.2d at 1162-63; *see also Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979) (whether seeking to raise new issue or relitigate already decided by prior section 2255, section 2241 not proper unless petitioner can show that section 2255 proceeding inadequate or ineffective; must show more than lack of success in prior section 2255).  Even the dismissal of a subsequent section 2255 motion as successive under 28 U.S.C. § 2244(b) does not render the remedy under section 2255 to be an ineffective or inadequate remedy. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th

1    Cir. 1999).

2        Here, Petitioner fails to show that the remedy under section 2255 is inadequate or
3    ineffective to test the legality of her detention, and thus she does not show that this Court has
4    authority to entertain Claim 2 in her amended petition. When asked to explain why the remedy
5    under section 2255 was inadequate, Petitioner states that the sentencing court in the District of
6    South Carolina "indicated [she] did not prove ineffective assistance of counsel." Dkt. 7 at 4.
7    However, as mentioned above, the mere fact that the section 2255 motion was denied by the
8    sentencing court does not show that section 2255 is inadequate or ineffective. *See Tripati*, 843
9    F.2d at 1162-63.  Therefore, Claim 2 is DISMISSED because it does not fit within the very narrow
10   exception for situations where the remedy available under section 2255 is inadequate to test the
11   legality of her detention.  It seems that Petitioner has filed a motion in the Fourth Circuit seeking
12   permission to file a second or successive section 2255 motion to challenge her sentence, but that
13   motion is still "pending." Dkt. 7 at 4.  Thus, this Court's dismissal of Claim 2 is without prejudice
14   to bringing it in a second or successive section 2255 motion before the sentencing court in the
15   District of South Carolina if she is granted permission to do so by the Fourth Circuit.

16       Next, Petitioner seeks compassionate release from custody based on her "vulnerability to
17   Covid-19,"[4] which was a request inappropriately raised as Claim 3 and thus it shall be construed
18   as a supplement to her pending motion for compassionate release/sentence reduction. *See* Dkt. 5
19   at 2; Dkt. 7 at 6.  However, such a request is not proper before this Court because any relief that
20   may be available under 18 U.S.C. § 3582, as amended by the First Step Act of 2018, must be
21   sought in Petitioner's criminal case as it is the *sentencing court* that would make any modification
22   to a term of imprisonment under that section.  18 U.S.C. § 3582(c) provides that a sentencing court
23   "may not modify a term of imprisonment once it has been imposed except . . . upon motion of the
24   Director of the Bureau of Prisons, or upon motion of the defendant." Furthermore, Petitioner is
25   cautioned that 18 U.S.C. § 3582(c) requires the criminal defendant to first attempt exhaustion of
26   administrative remedies: a defendant may bring a section 3582(c) motion after he/she has "fully

---

[4] The Court notes that this issue is a separate matter from the aforementioned claim (Claim 2) asserted in her amended petition, which attacks the validity of her sentence.

4

1 exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion

2 on his/her behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of

3 the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Accordingly,

4 Petitioner's request for compassionate release from custody is DENIED without prejudice to

5 raising such a request before the sentencing court in the District of South Carolina.  Dkt. 5.

6       Finally, as to the remaining claim in her amended petition challenging time credits, it does

7 not appear from the face of the amended petition that Claim 1 is without merit.  Good cause

8 appearing, Claim 1 is sufficient to require a response.

## IV.  CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.  Dkt. 8.

2. Claim 2 is DISMISSED because it does not fit within the very narrow exception for situations where the remedy available under section 2255 is inadequate to test the legality of her detention.  This dismissal is without prejudice to bringing Claim 2 in a second or successive section 2255 motion before the sentencing court in the District of South Carolina if she is granted permission to do so by the Fourth Circuit.

3. Petitioner's request for compassionate release from custody, which was inappropriately raised as Claim 3 and instead construed as a supplement to her pending motion for compassionate release/sentence reduction, is DENIED without prejudice to raising such a request before the sentencing court in the District of South Carolina.  Dkt. 5.

4. Liberally construed, Claim 1 is sufficient to require a response.

5. The Clerk of the Court shall serve electronically a copy of this order upon the Respondent and Respondent's attorney, the United States Attorney for the Northern District of California, at the following email addresses: (1) usacan.ecf@usdoj.gov; (2) sara.winslow@usdoj.gov; and (3) kathy.terry@usdoj.gov.  The amended petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  *See* Dkt. 7.  The Clerk shall serve by mail a copy of this order on Petitioner.

6. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days**

of the date this Order is filed, an answer to this amended petition, showing cause why a writ of habeas corpus should not be granted based on Petitioner's Claim 1. Respondent shall file with the answer and serve on Petitioner a copy of all exhibits that are relevant to a determination of the issues presented by Claim 1.

7. If Petitioner wishes to respond to the Answer, Petitioner shall do so by filing a Traverse with the Court and serving it on Respondent within **twenty-eight (28) days** of Petitioner's receipt of the Answer. Should Petitioner fail to do so, the amended petition will be deemed submitted and ready for decision **twenty-eight (28) days** after the date Petitioner is served with Respondent's Answer.

8. Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files a motion to dismiss, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

9. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

10. Upon a showing of good cause, requests for a reasonable extension of time will be

6

United States District Court
Northern District of California

1   granted provided they are filed on or before the deadline they seek to extend.

2       11.    This order terminates Docket Nos. 5 and 8.

3       IT IS SO ORDERED.

4   Dated:   June 1, 2020

                                  _____
                                  YVONNE GONZALEZ ROGERS
                                  United States District Judge